Electronically Filed - Jackson - Kansas City - February 27, 2018 - 11:30 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| **CAROLYN SHAW** | ) | |
| **6418 Indiana Avenue** | ) | |
| **Kansas City, Missouri 64132** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **V.N.A. CORPORATION** | ) | **JURY TRIAL DEMANDED** |
| **1500 Meadow Lake Parkway** | ) | |
| **Kansas City, MO 64114** | ) | |
| **Serve Registered Agent:** | ) | |
| **Bradford W. Evans at same address** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**PETITION FOR VIOLATIONS OF
THE MISSOURI HUMAN RIGHTS ACT**

COMES NOW Plaintiff, CAROLYN SHAW and for her cause of action against V.N.A. CORPORATION ("VNA" or "Defendant") on claims of unlawful discrimination and retaliation arising under the Missouri Human Rights Act, R.S.Mo. §§ 213.010 *et seq.* Plaintiff seeks compensatory and punitive damages against Defendants states as follows:

**PARTIES**

1.      Plaintiff, Carolyn Shaw ("Ms. Shaw or Plaintiff") resides at 6418 Indiana, Kansas City, Jackson County, Missouri. She is an African American, female who is 60 years old.

2.      Ms. Shaw was employed at V.N.A. Corp. ("VNA"). Managers and employees discriminated against Ms. Shaw based on her African American race and her age.  She was also retaliated against for complaining about race and age discrimination in the workplace.

3.      VNA is a non-profit corporation headquartered at 1500 Meadow Lake Parkway, Kansas City, Missouri **and** is an employer within the meaning of the Missouri Human Rights Act.

<span style="color:red">EXHIBIT A</span>

4.     At all times relevant hereto, VNA was Ms. Shaw's employer and she was a full-time employee ("FTE").

5.     VNA is an entity which acts through agents. It is liable for the conduct of its agents acting within the course and scope of their agency; its own negligence or unlawful conduct; the acts of its agents which it knowingly ratifies; injuries incurred by agents' performance of its non-delegable duties; acts done by agents for which the agency relationship allows or assists the agent to perform; and acts its' agents take by virtue of their position with the company.

6.     All of the claims alleged in this Petition arise under the MHRA as it existed when the claims alleged herein accrued, which was prior to August 28, 2017.

7.     Application of the new MHRA, which went into effect on August 28, 2017, to this case would violate the Missouri Constitution.

8.     Plaintiff seeks actual damages, punitive damages, costs, fees, interest, and equitable relief, including an enhancement of fees, front pay, expert fees, and other costs.

9.     Plaintiff demands a jury trial of all facts alleged herein disputed by Defendants.

## JURISDICTION & VENUE

10.     Ms. Shaw is bringing this action against Defendants pursuant to the MHRA for the discriminatory, harassing and retaliatory behavior of VNA's managers, supervisors and employees regarding their discriminatory treatment of Ms. Shaw and their failure to properly document, investigate, and correct the unlawful conduct Ms. Shaw complained of.

11.     Jurisdiction and venue are proper in Jackson County, Missouri pursuant to R.S.Mo. § 213.111.1.

12.     Defendants' unlawful employment practices complained of herein occurred in Jackson County, Missouri, and accordingly, jurisdiction and venue are proper in this Court.  This

Court has jurisdiction over the subject matter pursuant to R.S.Mo. § 478.070 as this is an original civil action seeking monetary damages for causes of action accruing in the State of Missouri.

13.     Venue is properly laid in this Court under R.S.Mo. § 508.010 as the events alleged in this Petition took place in whole, or in part, in Jackson County, Missouri.

14.     On or about October 26, 2017, Ms. Shaw dual filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") based on her claims of discrimination, harassment, and retaliation.

15.     The matter was assigned EEOC Charge No. 563-2017-02107, and MCHR Charge No. FE-10/17-28173.  (A copy of the EEOC Charge is attached as **Exhibit A**).

16.     On or about November 30, 2017, the MCHR issued Ms. Shaw a Right to Sue letter ("RTS").  (A copy of the RTS is attached as **Exhibit B**).

17.     Ms. Shaw's Petition is filed within (90) ninety-days of the issuance of the MCHR RTS and within two years of the discrimination complained of.

18.     Ms. Shaw has exhausted her administrative remedies against Defendant regarding her claims of race and age discrimination, harassment, and retaliation.  Therefore, she has met all conditions precedent to filing this action.

## GENERAL ALLEGATIONS

19.     VNA, through its agents, has exhibited a constant history of discriminatory and hostile behavior towards Ms. Shaw dating back many years up through her termination in May 2017.

20.     Ms. Shaw's employment history with VNA dates back to September 2006 when she was hired with the company as a Home Health Aid/CNA.

Electronically Filed - Jackson - Kansas City - February 27, 2018 - 11:30 PM

21.     Ms. Shaw was the oldest and only African-American in her unit with a dark skin complexion.

22.     VNA is not diverse and the employees, supervisors and managers have exhibited discriminatory and hostile behavior towards her.

23.     For many years up to Ms. Shaw's termination, VNA treated younger employees, white employees and minority employees with a lighter skin tone more favorable than her.

24.     VNA would often take patients from Ms. Shaw and reassign them to white employees with a lighter patient load causing Ms. Shaw to have less work and ultimately less pay. However, this was not done for Ms. Shaw when her patient load was light.

25.     VNA would pay white employees by the visit while Ms. Shaw was paid by the hour resulting in more favorable compensation scale for white employees.

26.     VNA would treat minority employees with a lighter skin complexion than Ms. Shaw more favorably than Ms Shaw, in that they were not required to follow the company policies related to but not limited to use of fleet cars and other matters related to compensation.

27.     Such treatment led to Ms. Shaw receiving less compensation than other similarly situated individuals.

28.     VNA would reduce Ms. Shaw's workload ultimately reducing her compensation and would reassign her work to younger employees.

29.     VNA paid younger, white and lighter skinned minority employees a higher hourly rate than Ms. Shaw was paid despite the fact Ms. Shaw had been employed with the company longer.

30.     Ms. Shaw has repeatedly discussed her concerns regarding the discriminatory treatment she received with management without resolution.

31.     Ms. Shaw was required to use the fleet vehicle and pay fees which significantly reduced her compensation, however, younger, white and lighter skinned employees were not required to use the fleet vehicles but were given the option to follow the old system of driving their own vehicles and receive mileage reimbursement.

32.     In May 2017, Ms. Shaw received a Certificate of Appreciation related to her 10 years of service with the company."

33.     A few weeks later, on or about May 17, 2017, Ms. Shaw sent a written request to change her status from Full-time to part-time, effective July 1, 2017.

34.     Management denied Ms. Shaw's request to move to a part-time position.

35.     On or about May 23, Ms. Shaw was ordered to come in and speak with management on or about May 26, 2017.

36.     On or about May 26, 2017 during a meeting with management, Ms. Shaw was reprimanded for allegedly "bad mouthing' the company and was ordered to bring in the fleet car immediately.

37.     After she complied, VNA sent out a message to employees stating that Ms. Shaw had resigned.

38.     Ms. Shaw was blocked from the time reporting system and she was not paid for approximately 20 hours of time for the dates of May 22, 2017 through May 26, 2017. This caused her pay to be significantly reduced for that pay period and she has yet to be compensated for those hours.

## COUNT I – RACE AND COLOR DISCRIMINATION & HARASSMENT IN VIOLATION OF THE MHRA – ALL DEFENDANTS

39.     Plaintiff incorporates by reference every other paragraph in this Petition as if fully set forth herein.

40.     The acts described above constitute race and color discrimination and harassment in violation of the MHRA.

41.     The acts described above constitute Hostile Work Environment in violation of the MHRA.

42.     Plaintiff is a member of a protected class by reason of her race, which is African-American.

43.     Plaintiff was subjected to race and color discrimination and harassment by Defendant in the following ways including, but not limited to: subjecting Ms. Shaw to hostile and unfair treatment as the result of falsely accusing Ms. Shaw of violating company policies; by restricting Ms. Shaw's upward movement with the company and her ability to earn wages; by punishing her for doing her job duties in the same manner as Caucasian employees and minority employees with a lighter skin complexion; by singling Ms. Shaw out for discipline; and interfering with Ms. Shaw's job duties.

44.     Ms. Shaw's race and color were contributing factors in the above-described discrimination and harassment.  VNA is not diverse and Caucasians exhibit a racial animus towards African-Americans and expect African-Americans to accept submissive and unequal treatment and positions.

45.     The conduct cited above was so severe and pervasive that it affected the terms, conditions and privileges of Ms. Shaw's employment.  Ms. Shaw and any reasonable person in her position would reasonably view it as such.

46.     The conduct cited above was adverse and damaging and caused Ms. Shaw great emotional upset.  She is frequently stressed out, loses sleep, cannot focus, and is constantly fearful of what else might happen to her.

47.     The actions and conduct of the Defendant set forth herein constitute a hostile working environment set forth above on a continuous basis once Plaintiff reported Defendant's discriminatory actions.

48.     Defendant's actions and conduct were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Ms. Shaw, and therefore she is entitled to punitive damages from Defendant, to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff, Ms. Shaw prays for judgment against Defendant on Count I of her Petition, for a finding that she has been subjected to unlawful race and color discrimination and harassment prohibited by the MHRA; for an award of back pay, including lost wages, bonuses and other benefits, including interest; for an award of compensatory and punitive damages; for her costs expended; for her reasonable attorneys' and expert fees and expenses, and for such other and further relief the Court deems just and proper.

## COUNT II- R.S.Mo. §213.070 RETALIATION IN VIOLATION OF THE MHRA – ALL DEFENDANTS

49.     Plaintiff, Ms. Shaw hereby incorporates by reference every other paragraph in this Petition as though it is fully set forth herein.

50.     Ms. Shaw engaged in protected activity by opposing harassing and/or discriminatory conduct.

51.     Ms. Shaw engaged in protected activity by complaining about and reporting harassing and/or discriminatory conduct.

52.     Ms. Shaw engaged in protected activity by opposing and complaining of retaliatory conduct.

53.     Defendant retaliated against Ms. Shaw because she engaged in protected activity.

Electronically Filed - Jackson - Kansas City - February 27, 2018 - 11:30 PM

54.     Defendants retaliated against Ms. Shaw by treating her different than similarly situated employees, specifically paying her less wages, reducing her workload, forcing her to use the fleet car and pay significant fees and ultimately terminating her employment and denying her unemployment and other benefits.

55.     Defendants' retaliation against Ms. Shaw was intentional, willful, malicious and calculated toward Plaintiff and thus such conduct constituted willful violations of state law.

56.     Because of the acts of reprisal Defendant inflicted upon Ms. Shaw, she has suffered, and will continue to suffer pain, emotional distress, anguish, anxiety, humiliation, embarrassment, and lost wages.

57.     The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Ms. Shaw, and therefore she is entitled to punitive damages from Defendants, to punish Defendants and to deter Defendants and others from like conduct.

WHEREFORE, Plaintiff, Ms. Shaw prays for judgment against Defendant on Count II for a finding that she has been subjected to unlawful retaliation and discrimination and was discharged in violation of the Missouri Human Rights Act; for an award of back pay, including lost wages, bonuses and other benefits, including interest, compensatory and punitive damages; for her costs expended; for her reasonable attorneys' and expert fees and expenses and for such other relief as this Court deems just and proper.

## COUNT III- AGE DISCRIMINATION & HARASSMENT IN VIOLATION OF THE MHRA – ALL DEFENDANTS

58.     Plaintiff, Ms. Shaw hereby incorporates by reference every other paragraph in this Petition as though it is fully set forth herein.

59.     Defendants' acts and omissions alleged herein are a continuing violation of the Missouri Human Rights Act.

60.     The conduct and actions Ms. Shaw suffered constituted offensive and unwanted conduct based on her age.

61.     Ms. Shaw's age was a contributing factor in the unwelcome conduct she suffered.

62.     Ms. Shaw's terms, conditions, or privileges of employment were adversely affected by the unwelcome conduct.

63.     Defendants' unlawful conduct caused Ms. Shaw degradation, pain, emotional distress, anguish, anxiety, humiliation, embarrassment, and lost wages.

64.     The unlawful conduct and actions Ms. Shaw suffered would be offensive to a reasonable person and would have detrimentally affected a reasonable person.

65.     Defendant knew or should have known of the unwanted conduct Ms. Shaw suffered because of her age, but failed to address the problem, and further failed to implement effective and appropriate procedures to stop such conduct.

66.     Ms. Shaw was subjected to age-based harassment, discriminatory comments and treatment.

67.     By failing to properly address and to implement effective procedures to stop the unlawful harassment and/or discrimination, VNA ratified and condoned the conduct of management and other employees at VNA.

68.     The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Ms. Shaw, and therefore she is entitled to punitive damages from Defendants, to punish Defendants and to deter Defendants and others from like conduct.

WHEREFORE, Plaintiff, Ms. Shaw prays for judgment against Defendant on Count III of her Petition for Damages, for a finding that she has suffered age discrimination and/or age harassment in violation of the Missouri Human Rights Act; for an award of back pay, including lost wages, bonuses and other benefits, including interest, compensatory and punitive damages; for her costs expended; for her reasonable attorneys' and expert fees and expenses; and for such other relief as this Court deems just and proper.

**COUNT IV- Violation of Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.***

69.     Plaintiff, Ms. Shaw incorporates by reference every other paragraph set for in this First Petition as though fully set forth herein.

70.     Ms. Shaw has performed compensable work for Defendant in the course of her employment with Defendant.

71.     VNA has failed to compensate Ms. Shaw for approximately 20 hours of work in which she has performed in the course of her employment.

72.     Ms. Shaw is entitled to compensation for those hours worked for VNA in the course of her employment.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count IV of her Petition, for a finding that she has been subjected to a violation of FLSA for unpaid wages, for an award of back pay, including lost wages; and other benefits including interest; for an award of compensatory and punitive damages; for her costs expended; for her reasonable attorneys' and expert fees and expenses, and for such other and further relief the Court deems just and proper.

**JURY DEMAND**

Plaintiff, Ms. Shaw requests a trial by jury on issues triable by jury.

Electronically Filed - Jackson - Kansas City - February 27, 2018 - 11:30 PM

**RESPECTFULLY SUBMITTED,**

*/s/Gerald Gray II*

Gerald Gray II, #67476
**G. GRAY LAW, LLC**
2300 MAIN STREET, SUITE 900.
KANSAS CITY, MO 64108
(O) 816-448-3367
(C) 816-309-5208
(F) 816-448-3801
ggraylaw@outlook.com

**ATTORNEY FOR Ms. Shaw**

# 1816-CV05190

Electronically Filed - Jackson - Kansas City - February 27, 2018 - 11:30 PM

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 563-2017-02107 |

| Missouri Commission On Human Rights | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Ms. Carolyn Shaw | (816) 605-1557 | 1956 |

Street Address — City, State and ZIP Code

**6418 Indiana Avenue, Kansas City, MO 64132**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| VISITING NURSE ASSOCIATION | 201 - 500 | (816) 531-1200 |

Street Address — City, State and ZIP Code

**1500 Meadowlake Parkway, Kansas City, MO 64114**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address — City, State and ZIP Code

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest — Latest |
| ☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | 05-26-2017 — 05-26-2017 |
| ☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION | |
| ☐ OTHER (Specify) | ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

On or about September 21, 2006 I was hired by Visiting Nurse Association to perform duties as a Home Health Aid/CNA and I successfully performed the duties of my position until my discharge on May 26, 2017.

In May 2017 I was accused of spreading rumors about the company, however; I have no idea what my supervisor was talking about. I never found out what the allegations were. On May 26, 2017 I was instructed to turn in my fleet vehicle. I turned in my fleet vehicle on May 30, 2017. After turning in my vehicle my supervisor notified the entire company that I had resigned. I never resigned, I was discharged. I was also not paid for all the hours I worked. My white co-workers are being paid by the visit and not by the hour. Additionally, within the last year I have had patients taken away from me. I made several complaints over the years but no corrective action was taken. Two black co-workers with lighter complexion were treated more favorably than me.

I believe I was discharged because of my race (black) and color and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| X 10/25-17  *Carolyn Shaw* | *Carolyn Shaw* |
| Date — Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* October 26, 2017 |
| | LEANA EVANS Notary Public-Notary Seal Platte County My Commission Expires: Feb. 27, 2021 |

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Electronically Filed - Jackson - Kansas City - February 27, 2018 - 11:30 PM

Electronically Filed - Jackson - Kansas City - February 27, 2018 - 11:30 PM

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.   **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2.   **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.   **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.   **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.   **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Carolyn Shaw**<br>**6418 Indiana Avenue**<br>**Kansas City, MO 64132** | From: **Kansas City Area Office**<br>**Gateway Tower II**<br>**400 State Avenue, Suite 905**<br>**Kansas City, KS 66101** |

| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 563-2017-02107 | **James D. Dixon,**<br>**Investigator** | **(913) 551-5842** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **back pay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Natascha DeGuire*       11-16-17

Enclosures(s)

**Natascha DeGuire,**
**Area Office Director**
     (Date Mailed)

cc:

**VISITING NURSE ASSOCIATION**
**Attn: Human Resources**
**1500 Meadowlake Parkway**
**Kansas City, MO 64114**

Electronically Filed - Jackson - Kansas City - February 27, 2018 - 11:30 PM

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

ERIC R. GREITENS
GOVERNOR

ANNA S. HUI
ACTING DEPARTMENT DIRECTOR

SARA NELL LAMPE
COMMISSION CHAIRPERSON

ALISA WARREN, PH.D.
EXECUTIVE DIRECTOR

November 30, 2017

Carolyn Shaw
6418 Indiana Ave.
Kansas City, MO  64132

RE:  Shaw vs. Visiting Nurse Assoc.
     FE-10/17-28173   563-2017-02107

This is your **NOTICE OF RIGHT TO SUE** pursuant to the Missouri Human Rights Act.

Pursuant to the Missouri Human Rights Act (MHRA), your complaint was dual-filed with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR"). The MCHR has been informed that the EEOC has completed its processing of your complaint and issued a notice of your right to sue. Based on a review of EEOC's investigation summary, the MCHR has decided to adopt the EEOC's findings, terminate its proceedings in this case and issue this notice of your right to sue on your claims under the MHRA.

You are hereby notified that you have the right to bring a civil action within 90 days of the date of this letter against the respondent(s) named in the complaint. Such an action may be brought in any state circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, either before a circuit or associate circuit judge. Upon issuance of this notice, the MCHR shall terminate all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice under this section relating to the same practice or act. As noted above, any action brought in court under this section must be filed within 90 days from the date of this letter and, in addition, any such case must be filed **no later than two years after the alleged cause occurred** or your reasonable discovery of the alleged cause. **IF YOU DO NOT FILE A CIVIL ACTION IN STATE CIRCUIT COURT RELATING TO THE MATTERS ASSERTED IN YOUR COMPLAINT WITHIN 90 DAYS OF THE DATE OF THIS NOTICE, YOUR RIGHT TO SUE IS LOST**.

(continued on next page)

☐
3315 W. TRUMAN BLVD.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

☐
111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

☐
P.O. BOX 1300
OZARK, MO 65721-1300
FAX: 417-485-6024

☒
1410 GENESSEE, SUITE 260
KANSAS CITY, MO 64102
FAX: 816-889-3582

☐
106 ARTHUR STREET
SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:  1-800-735-2966 (TDD)   Relay Missouri: 711
www.labor.mo.gov/mohumanrights      E-Mail: mchr@labor.mo.gov

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. No person may file or reinstate a complaint after the issuance of notice of right to sue. This notice of right to sue has no effect on the suit-filing period of any federal claims.

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri in state circuit court. Any such petition must be filed in the circuit court of Cole County.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

Visiting Nurse Assoc.
1500 Meadowlake Parkway
Kansas City, MO  64114

3315 W. TRUMAN BLVD.    111 N. 7TH STREET, SUITE 903    P.O. BOX 1300    1410 GENESSEE, SUITE 260    106 ARTHUR STREET
P.O. BOX 1129    ST. LOUIS, MO 63101-2100    OZARK, MO 65721-1300    KANSAS CITY, MO 64102    SUITE D
JEFFERSON CITY, MO 65102-1129    PHONE: 314-340-7590    FAX: 417-485-6024    FAX: 816-889-3582    SIKESTON, MO 63801-5454
PHONE: 573-751-3325    FAX: 314-340-7238    FAX: 573-472-5321
FAX: 573-751-2905
Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

Electronically Filed - Jackson - Kansas City - February 27, 2018 - 11:30 PM

Case 4:18-cv-00411-BP   Document 1-1   Filed 05/30/18   Page 17 of 17